11-260-ag
Zhu v. Holder

BIA
Balasquide, IJ
A088 926 170

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand eleven.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

———————————————————————————————————

SHUI MEI ZHU,
> *Petitioner,*

v.                                              11-260-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
> *Respondent.*

———————————————————————————————————

FOR PETITIONER:        Lee Ratner, Law Offices of Michael
                       Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Richard M. Evans, Assistant
                       Director; Virginia Lum, Trial
                       Attorney, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shui Mei Zhu, a native and citizen of China, seeks review of a January 6, 2011 order of the BIA affirming the November 4, 2009 decision of Immigration Judge ("IJ") Javier Balasquide denying Zhu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shui Mei Zhu*, No. A088 926 170 (B.I.A. Jan. 6, 2011), *aff'g* No. A088 926 170 (Immig. Ct. N.Y. City Nov. 4, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, such as this one, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," and inconsistencies in his or her statements, without regard to

2

whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). As the agency found, Zhu was inconsistent and vague regarding her time line and travel itinerary from China to the United States. She was also inconsistent regarding the length of her employment in the United States and her claim that she had only one passport was contradicted by evidence that she had two. Zhu argues that these inconsistencies are not sufficient to support an adverse credibility determination because they are wholly unrelated to her asylum claim. However, under the REAL ID Act, an adverse credibility determination need not be based on inconsistencies that "go to the heart of the claim," rather, the determination may be made based on *any* inconsistency. *Xiu Xia Lin* v. Mukasey, 534 F.3d 162, 162 (2d Cir. 2008) (emphasis in original). Furthermore, Zhu's testimony was in some respects contradicted by documentary evidence and by the testimony of her own witness. Accordingly, given the multiple inconsistencies between Zhu's hearing testimony and other statements and evidence, the agency did not err in concluding that she was not credible.

Together, the problems the agency identified in Zhu's testimony and statements, and her failure to provide

3

sufficient corroboration, provide substantial evidence to support its adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk